GULLY, STATE TAX COLLECTOR, *v.* GOYER CO.

(Division A. April 4, 1933.)

[147 So. 327. No. 30517.]

Barbour & Henry, of Yazoo City, for appellant.

**Sam V. Anderson,** of Greenville, and **Butler & Snow,** of Jackson, for appellee.

Argued orally by **George Butler**, for the appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee for privilege taxes alleged to be due by it under section 121, chapter 88, Laws 1930, which reads as follows: "Sec. 121. Meat Distributing Plants.—Upon each person maintaining and operating a plant for the distribution and/or sale of meat and/or meat products to retail dealers......five hundred dollars."

The appellee is engaged in the wholesale mercantile business, operates a "wholesale store" within the meaning of section 189, chapter 88, Laws 1930, and has paid the privilege tax required thereby.

A small portion of the appellee's warehouse in which its goods, wares, and merchandise are stored, has been partitioned off into rooms equipped with electric refrigeration devices, by means of which the temperature thereof can be lowered so as to preserve perishable products, including meat, in which the appellee stores meat of a perishable nature and distributes it to its customers therefrom. This meat is sold by the appellee to its customers in the original packages in which it is purchased by it, nothing whatever being done by it to change the quality of the meat or the form of the packages in which it is received.

The court below held that the appellee was not liable for the tax.

The appellee's stock of meat must be included in the valuation of the stock of goods, wares, and merchandise on which it pays the tax imposed by section 189 of the statute; and in the absence of language evidencing a clear intent to the contrary, the Legislature will be presumed not to have intended by section 121 of the statute to impose an additional tax on the sale thereof. 61 C. J. 139; Middleton v. Lincoln County, 122 Miss. 673, 84 So. 907.

Section 121 of the statute does not impose the tax on all persons distributing or selling meat, but on persons maintaining and operating a plant therefor. According to the lexicographers, the word "plant" may be defined as "the machine, apparatus, fixtures, etc., employed in carrying on a trade or a mechanical or other industrial business;" and the word "trade," as the "act or business of exchanging commodities by barter, or by buying and selling for money; commerce; traffic." All of the appellee's permanent facilities for the distribution or sale of goods, wares, and merchandise, therefore, constitutes a plant for the distribution or sale of goods, wares, and merchandise, so that any distribution and sale of meat from a wholesale general merchandise plant may be within section 121 of the statute, if the Legislature

so intended. If such was the legislative intent, it could have been clearly manifested by simply imposing the tax on all persons distributing or selling meat. That such is not the language of the statute seems to indicate that the Legislature did not intend for it to apply to a general wholesale merchant whose plant enables him to do nothing more with meat than to conveniently store, preserve, and distribute it, as a part of his general business. This seems to be the ground of the decision in Carney v. Hamilton, 89 Miss. 747, 42 So. 378, wherein this court held that a general wholesale merchant who stored, sold, and distributed Coca-Cola as a part of his general mercantile business was not maintaining a depot for the distribution of Coca-Cola within the meaning of section 18, chapter 76, Laws 1904.

The applicability vel non of the statute to persons not engaged in a general mercantile business, but in storing, preserving, and distributing meat only, is not before us, and we express no opinion thereon.

Affirmed.